UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB A. WOFFORD,<br><br>    Petitioner,<br><br>  v.<br><br>WARDEN DAVID J. EBBERT,<br><br>    Respondent. | CIVIL ACTION NO. 3:15-CV-00966<br><br>(CAPUTO, J.)<br>(MEHALCHICK, M.J.) |

**REPORT AND RECOMMENDATION**

On May 18, 2015, the Court received and filed the instant *pro se* petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2241, signed and dated by the Petitioner, Jacob A. Wofford, on May 13, 2015. (Doc. 1). For the reasons stated herein, it is recommended that the petition be dismissed.

I. **BACKGROUND**

On May 18, 2015, Wofford filed a petition for a writ of habeas corpus. (Doc. 1). In his petition, Wofford alleges violations of the Eighth and Fourteenth Amendments of the United States Constitution. Wofford is currently designated to the Special Management Unit program ("SMU") at USP-Lewisburg. (Doc. 1). He submits that his placement in the SMU program has been extended based on a charge of misconduct that was subsequently expunged. (Doc. 1). He contends that he has been subjected to prolonged administrative segregation, and partial loss of phone and commissary privileges without fair notice and a hearing before an impartial tribunal. (Doc. 1, at 2). In his request for relief, Wofford seeks to be returned to the "correct level in the SMU," or alternatively, an order to be released from SMU. (Doc. 1).

II. **DISCUSSION**

Habeas corpus petitions brought under 28 U.S.C. § 2241 are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. Rule 4 provides, in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Under § 2241, a federal prisoner may challenge the execution of his sentence – such as a claim concerning the denial or revocation of parole, or the loss of good-time credits – in the district court for the federal judicial district where the prisoner is in custody. *See* 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 443–44 (2004); *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). Here, Wofford claims that prison officials failed to provide him fair notice prior to extending his "Special Management Unit" ("SMU") designation at USP-Lewisburg based on a subsequently expunged misconduct charge in violation of the Eighth and Fourteenth Amendments and seeks restoration of certain privileges and removal of all sanctions taken by the DHO. He does not challenge the duration or propriety of his sentence, but rather is challenging the conditions of his confinement, which simply does not sound in habeas. *See Bedenfield v. Lewisburg*, 393 F. App'x 32, 33 (3d Cir. 2010) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also Green v. Bledsoe*, No. 10-0059, 2010 WL 1372409, at *2 (M.D. Pa. Apr. 5, 2010). Further, a decision in his favor would not alter his sentence or undo his conviction. *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) ("If a . . . prisoner is seeking [other relief], he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release-the traditional purpose of habeas corpus. In [such cases], habeas corpus is not an appropriate or available federal remedy."). Indeed, favorable resolution of these issues "would mean at most release into the general

- 3 -

population; it would not mean a shorter stay in prison." *Cardona v. Thompson*, 551 F. App'x 630, 632 (3d Cir. 2013). Therefore, his claims are not properly asserted in a § 2241 habeas petition, but rather are more properly pursued through the filing of a *Bivens* action. As his claims are not cognizable under § 2241, this Court recommends summary dismissal of his petition. *Preiser v. Rodriguez,* 411 U.S. 475, 494 (1973).

### III.   RECOMMENDATION

Based on the foregoing, this Court recommends that Petitioner's present § 2241 habeas petition be dismissed, as Petitioner's challenge to his prolonged placement in SMU is not properly brought in a habeas petition.

                                                    **BY THE COURT:**

Dated: June 2, 2015                              *s/ Karoline Mehalchick*
                                                    **KAROLINE MEHALCHICK**
                                                    **United States Magistrate Judge**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB A. WOFFORD,<br><br>    Petitioner,<br><br>v.<br><br>WARDEN DAVID J. EBBERT,<br><br>    Respondent. | CIVIL ACTION NO. 3:15-CV-00966<br><br>(CAPUTO, J.)<br>(MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **June 2, 2015**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: June 2, 2015

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**