**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JACOB A. WOFFORD,

    Petitioner,

v.

DAVID J. EBBERT, Warden,

    Respondent.

CIVIL ACTION NO. 3:15-CV-0966

(JUDGE CAPUTO)

(MAGISTRATE JUDGE MEHALCHICK)

## **MEMORANDUM**

Presently before the Court is Magistrate Judge Karoline Mehalchick's Report and Recommendation ("R & R") (Doc. 6) on Petitioner Jacob A. Wofford's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). Also before me are Petitioner's Objection to the R & R (Doc. 8). Respondent David Ebbert is the Warden at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"), where Petitioner is incarcerated. Wofford alleges a violation of his due process rights and right to be free from cruel and unusual punishment as protected by the United States Constitution. In her R & R, the magistrate judge recommends that the Petition be dismissed. Because Petitioner claims that the *conditions* of his confinement violate the constitution, his challenge is not properly brought as a petition for a writ of habeas corpus, and the R & R will be *adopted.*

### **I. Background**

This petition arises out of events that occurred while Petitioner Jacob Wofford was incarcerated at USP-Lewisburg. Wofford asserts that on or about November 2014, he was sent back to Phase I of the Special Management Unit ("SMU") program based on a misconduct charge that a Disciplinary Hearing Officer ("DHO") found him not guilty of and expunged. As a result, he re-started the SMU program, received prolonged segregation time, the partial loss of phone and commissary privileges, and more. (Doc. 1, 2.)

Petitioner alleges that he went before a DHO based on a charge of being involved in making and drinking alcohol. (*Id.*) The DHO found that he was not involved in this incident, found him not guilty, and expunged the report from his record. (*Id.*) However, the

punishment that Petitioner received due to this report–having to start the SMU program again–remained in place. This is the basis of his *habeas* petition.

Petitioner appealed through an informal resolution, requesting to be placed back into Phase III of the SMU program, before he received the ultimately expunged misconduct report. (*Id.,* 10.) This request was denied by the Captain on December 3, 2014, who wrote:

> An inquiry was conducted into this matter, to include an interview with the staff members involved and a review of documentation. On November 4, 2014, an investigation was completed by SIS staff. As a result of the investigation, it was determined you were one of the inmates involved in the production of homemade intoxicants . . . The Warden has reviewed the investigation, and determined your placement back to Phase I in the SMU program is appropriate. Based on this evidence, your request for Informal Resolution is denied.

(*Id.*)

Petitioner filed a second appeal with Respondent Warden Ebbert on December 11, 2014, which was denied. (*Id.*, 3) He filed a third appeal with the Northeast Regional Office on December 18, 2014, which was also denied. (*Id.*) On February 28, 2015, he filed an appeal to the Central Office, which was denied on March 26, 2015. (*Id.,* 6.)

Wofford filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on May 18, 2015 (Doc. 1). In his petition, he states four grounds for his challenge: First, that the prison violated its policies when it failed to return him to his current level in the SMU when he was found not guilty. (*Id.,* 7.) Second, that his right to an impartial tribunal as protected by the Due Process Clause was violated when the prison disregarded the decision of the impartial hearing officer and decided that he was guilty. (*Id.*) Third, that he has been subjected to cruel and unusual punishment in violation of the eighth amendment by being in administrative segregation for over three (3) years, despite following all program rules. Fourth, that the prison engaged in an unusual and uncommon practice when he was placed back at the start of the program based on a charge that he was found not guilty of. Petitioner requests that he be returned to his prior advanced level in the SMU, Phase III. (*Id.,* 8.)

On June 2, 2015, Magistrate Judge Mehalchick issued an R & R (Doc. 6). In her R & R, she conducted a preliminary screening pursuant to 28 U.S.C. § 2254 to determine if

Wofford's petition stated a claim for relief.  The Magistrate Judge found that Petitioner had not stated a claim upon which relief could be granted, as his petition challenged his conditions of confinement, which is not properly brought as a *habeas* claim, but instead must be brought as a civil rights action claiming that Petitioner's constitutionally-protected rights were violated by federal agents, pursuant to 28 U.S.C. § 1331, as recognized by *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 403 U.S. 388 (1971).

On June 15, 2015, Petitioner Wofford filed an Objection to the R & R (Doc. 8).  In his objection, Petitioner argues that Magistrate Judge Mehalchick misconstrued his petition.  He requests leave to amend and add an issue to his petition.  He also asserts that because he has a fifth amendment liberty interest at stake, he is entitled to relief.

## II. Legal Standard

Where objections to the Magistrate Judge's R & R are filed, the Court must conduct a *de novo* review of the contested portions.  *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)).  This only applies to the extent that a party's objections are both timely and specific.  *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984).  In conducting a *de novo review*, a court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993).  Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper.  *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994).  Uncontested portions of the report may be reviewed at a standard determined by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7.  At the least, the court should review uncontested portions for clear error or manifest injustice.  *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

### III. Discussion

Upon *de novo* review of the report and recommendation and Petitioner Woffords's petition and objection to the R & R, I adopt Magistrate Judge Mehalchick's recommendation. Petitioner does not claim that the fact or duration of his confinement violates the constitution, but instead challenges the conditions of his confinement. Thus, his claims are not properly brought as a *habeas* claim. *See, e.g., Bedenfield v. Lewisburg*, 393 F. App'x 32, 33 (3d Cir. 2010). To assert that the conditions of confinement violate a prisoner's constitutional rights, a prisoner must bring a civil rights action pursuant to *Bivens*, 403 U.S. 388. *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002) (finding that "when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, [a civil rights action] is appropriate.").

Petitioner alleges that prison officials' actions denied due process of the law, and subjected him to cruel and unusual punishment. As a remedy, he requests that he be returned to Phase III of the SMU, where he was before he was set back to PHASE I. (*Id.,* 8.) Importantly, Petitioner does not allege anywhere in his petition (Doc. 1) or in his objection (Doc. 8) that the duration of his confinement has been affected by these alleged violations of his constitutional rights.

Prisoners are guaranteed certain due process protections where a prison disciplinary hearing results in the loss of good time credits, since such credits are considered a liberty interest. *Wolff v. McDonnell,* 418 U.S. 539, 564-5 (1974); *see also Queen v. Miner*, 530 F.3d 253, 254 n. 2 (3d Cir. 2008) (*per curiam*) (holding that a disciplinary action resulting in a loss of good time credits is actionable under 28 U.S.C. § 2241 because it affects a sentence's duration). "Habeas corpus relief is available to a prisoner who has been sanctioned in violation of due process to a loss of good conduct time." *Robinson v. Warden*, 250 Fed. Appx. 462, 464 (3d Cir. 2007). A plain reading of Wofford's petition does not indicate that his sanctions included a loss of good conduct time, or that the duration of his confinement has been affected. Thus, he has not stated a claim for which relief can be granted in the form of a writ of habeas corpus.

## IV. Conclusion

For the above reasons, Magistrate Judge Mehalchick's Report and Recommendation (Doc. 6) is *adopted*. An appropriate order follows.

| | |
|---|---|
| June 30, 2015 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |