# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

JACOB A. WOFFORD,

    Petitioner,

v.

WARDEN DAVID J. EBBERT,

    Respondent.

CIVIL ACTION NO. 3:15-CV-00966

(CAPUTO, J.)
(MEHALCHICK, M.J.)

## REPORT AND RECOMMENDATION

On May 18, 2015, the Court received and filed the instant *pro se* petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2241, signed and dated by the Petitioner, Jacob A. Wofford, on May 13, 2015. (Doc. 1). On June 2, 2015, the undersigned magistrate entered a Report & Recommendation, recommending dismissal of the petition on the basis that Petitioner's challenge to his prolonged placement in the Special Management Unit did not sound in habeas. (Doc. 6). On June 30, 2015, the District Judge adopted the Report & Recommendation, but granted Petitioner thirty (30) days leave to file an amended petition. (Doc. 10). On July 17, 2015, Petitioner filed an amended petition. (Doc. 11). Upon consideration of Petitioner's amended petition, for the reasons stated herein, it is recommended that the amended petition be dismissed.

I. **BACKGROUND**

On July 17 2015, Wofford filed an amended petition for a writ of habeas corpus. (Doc. 11). In his amended petition, Wofford seeks federal habeas corpus relief with respect to an incident report issued against him for his alleged involvement in production of homemade intoxicants that was discovered on the F-block. He submits that he went before a Disciplinary

Hearing Officer ("DHO") who found him not guilty of the misconduct and expunged the charge. However, despite the dismissal of the misconduct charge, he received a set-back in the four-level Special Management Unit program ("SMU") at USP-Lewisburg. (Doc. 11). Specifically, he challenges his regression in the SMU program to Level I from Level III. (Doc. 11). He contends that he has been subjected to prolonged administrative segregation without fair notice and a hearing before an impartial tribunal. (Doc. 11). In his request for relief, Wofford seeks to be returned to Level III in the SMU, as he claims to have a Fifth Amendment liberty interest at stake. (Doc. 11).

## II. DISCUSSION

Habeas corpus petitions brought under 28 U.S.C. § 2241 are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. Rule 4 provides, in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Under § 2241, a federal prisoner may challenge the execution of his sentence – such as a claim concerning the denial or revocation of parole, or the loss of good-time credits – in the district court for the federal judicial district where the prisoner is in custody. *See* 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 443–44 (2004); *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). Here, Wofford contests the decision to extend his placement in the SMU program at USP-Lewisburg despite the expungement of the misconduct charge and seeks restoration of his Level III designation. However, Wofford's claim that he was unlawfully required to restart the SMU program at Level I due to his disciplinary conviction does not constitute a challenge to the duration or propriety of his sentence, but rather concerns the

conditions of his confinement, which simply does not sound in habeas. *See Dodd v. Smith*, No. 3:CV 05 1802, 2005 WL 2234642, at *1 (M.D. Pa. Sept. 14, 2005)(finding that inmate's challenge to the sanctions imposed in a disciplinary proceeding which did not result in the forfeiture of good time credits and did not extend the length of inmate's incarceration, was not a proper habeas claim); *see also Bedenfield v. Lewisburg,* 393 F. App'x 32, 33 (3d Cir. 2010) (citing *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973); *see also Green v. Bledsoe,* No. 10-0059, 2010 WL 1372409, at *2 (M.D. Pa. Apr. 5, 2010). Further, a decision in his favor would not alter his sentence or undo his conviction. *Preiser v. Rodriguez,* 411 U.S. 475, 494 (1973) ("If a . . . prisoner is seeking [other relief], he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release-the traditional purpose of habeas corpus. In [such cases], habeas corpus is not an appropriate or available federal remedy."). Indeed, favorable resolution of these issues "would mean at most release into the general population; it would not mean a shorter stay in prison." *Cardona v. Thompson,* 551 F. App'x 630, 632 (3d Cir. 2013). Therefore, his claims are not properly asserted in a § 2241 habeas petition, but rather are more properly pursued through the filing of a *Bivens*[1] action. As his claims are not cognizable under § 2241, this Court recommends summary dismissal of his petition. *Preiser v. Rodriguez,* 411 U.S. 475, 494 (1973).

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

## III. RECOMMENDATION

Based on the foregoing, this Court recommends that Petitioner's present § 2241 habeas petition be dismissed, as Petitioner's challenge to his prolonged placement in SMU is not properly brought in a habeas petition.

BY THE COURT:

Dated: October 7, 2015

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB A. WOFFORD,<br><br>    Petitioner,<br><br>v.<br><br>WARDEN DAVID J. EBBERT,<br><br>    Respondent. | CIVIL ACTION NO. 3:15-CV-00966<br><br>(CAPUTO, J.)<br>(MEHALCHICK, M.J.) |

# NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **October 7, 2015**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: October 7, 2015                              *s/ Karoline Mehalchick*
                                                                             **KAROLINE MEHALCHICK**
                                                                             **United States Magistrate Judge**